OPINION
{¶ 1} On February 4, 2002, the Stark County Grand Jury indicted appellant, Christine Hamlin, on one count of aggravated trafficking in violation of R.C. 2925.03(A)(1). Said charge arose from appellant selling twenty tablets of Oxycontin to an undercover police officer.
 {¶ 2} On March 27, 2002, appellant filed a motion to strike language in the indictment relating to "bulk amount" which made the offense a felony of the third degree. A hearing was held on April 10, 2002. The trial court denied the motion, finding the stipulated amount exceeded the statutory bulk amount.
 {¶ 3} On April 17, 2002, appellant pled no contest to the charge. By judgment entry filed April 23, 2002, the trial court found appellant guilty and sentenced her to one year in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in finding that twenty (20) 80 milligram extended release tablets exceeded the bulk as defined by O.R.C. 2925.01(D)(1)(d)."
 I {¶ 6} Appellant claims the trial court erred in finding twenty, 80 milligram extended release Oxycontin tablets exceeded the "bulk amount" as defined in R.C. 2925.01(D)(1)(d). We disagree.
 {¶ 7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52.
 {¶ 8} "Bulk amount" is defined in R.C. 2925.01(D)(1)(d) as follows:
 {¶ 9} "(D) "Bulk amount" of a controlled substance means any of the following:
 {¶ 10} "(1) For any compound, mixture, preparation, or substance included in schedule I, schedule II, or schedule III, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish and except as provided in division (D)(2) or (5) of this section, whichever of the following is applicable:
 {¶ 11} "(d) An amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate or opium derivative;"
 {¶ 12} Robert Amiet, a pharmacist and compliance specialist with the Ohio State Board of Pharmacy, testified as to Oxycontin, the trade name, or Oxycodone, the generic product, the "maximum daily dose in the usual dose range specified in a standard pharmaceutical reference as defined in 2925 for bulk amount is 90 milligrams." T. at 12-13.
 {¶ 13} Mr. Amiet explained the following at 15:
 {¶ 14} "Oxycontin is a Schedule 2 product. In that definition it says fives times the maximum daily dose in the usual dose range. We have established that that is 90, 5 times 90 is 450 milligrams.
 {¶ 15} "Now, Oxycodone comes in several different strengths. So we then take each specific strength and divide it into 450 to give us the number of tablets for that specific strength.
 {¶ 16} "In general the more, the higher the strength, the less tablets it takes to make the bulk amount."
 {¶ 17} Mr. Almiet further testified of the tablets involved, the twenty, 80 milligrams of Oxycontin, six of those tablets would constitute the bulk amount based upon the Controlled Substance Reference Table (State's Exhibit 2). T. at 16. Therefore, twenty tablets would be equivalent to three times the bulk amount. T. at 16-17. The fact that the tablets were extended release did not change the definition of bulk amount. T. at 43-44.
 {¶ 18} Based upon this unrefuted testimony, we find the trial court did not err in denying appellant's motion to strike.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
Topic: Bulk amount.